**CHARLES CITY WESTERN RY. CO.
v. BIRMINGHAM et al.**

**Civ. No. 517.**

United States District Court
N. D. Iowa, E. D.

Jan. 22, 1951.

William K. Carr, Charles City, Iowa, for plaintiff.

William B. Danforth, Asst. U. S. Atty., Sioux City, Iowa, Ruppert Bingham, Sp. Asst. to Atty. Gen., for defendants.

GRAVEN, District Judge.

On the 15th day of January, 1951, at the Federal Court House at Waterloo, Iowa, the above-entitled case came on for trial before the Court. On the 15th day of January, 1951, the parties presented their evidence, arguments of counsel were made, the said case submitted to the Court and by it taken under advisement. Now, to-wit, on this 22d day of January, 1951, the Court, being fully advised in the premises, makes and enters the following Findings of Fact and Conclusions of Law.

Findings of Fact

1. This is an action for the recovery of federal excess profits taxes claimed to have been erroneously and illegally collected for the years of 1941 and 1944 from the plaintiff by E. H. Birmingham. The action was commenced on October 7th, 1950.

2. E. H. Birmingham was at the time of the assessment and collection of said taxes and at the time of the commencement of this action the duly appointed, qualified and acting Collector of Internal Revenue for the District of Iowa. The said E. H. Birmingham was a resident of the City of Sioux City, Woodbury County, Iowa.

3. The original defendant in this action was E. H. Birmingham. E. H. Birmingham died testate a resident of the City of Sioux City, Woodbury County, Iowa, on November 18th, 1950. On December 19th, 1950, William E. Birmingham and Mildred L. Birmingham were, by the District Court of Iowa in and for Woodbury County, duly appointed Executors of the Estate of the said E. H. Birmingham and duly qualified as such. Thereafter the said William E. Birmingham and Mildred L. Birmingham, as such Executors, were duly substituted as parties defendant in place of E. H. Birmingham.

4. The plaintiff is a corporation for pecuniary profit duly organized and existing under and by virtue of the State of Iowa and owns and operates an electric railroad located wholly in Floyd County, Iowa, running from Marble Rock to Colwell through Charles City where its principal place of business is located. The plaintiff was incorporated as a corporation on February 23d, 1910, with its corporate charter expiring February 23d, 1930. On April 14th, 1930, the corporate charter was renewed for a period of fifty years. Sections (a) and (b) of Article III of the original Articles of Incorporation of the plaintiff provided as follows:

"(a) To do a general railroad business in all its branches;

"(b) To survey, build, erect, construct, own, lease, mortgage, operate and maintain, sell or otherwise dispose of a line or lines of railway, including interurban railways, street railways and all other kinds of railways whether operated by steam, electricity, gasoline or any other motive power whatsoever;"

5. Prior to January 3d, 1914, the plaintiff was operating a portion of its present line as a steam railroad.

6. On April 18th, 1913, the 35th General Assembly of Iowa enacted Chapter 169 of the laws of that session which was entitled, "An Act to enable benefited property to aid in the construction of trolley or electric railroads or the electrification of steam railroads * * *." Under the provisions of that Chapter the voters in the area that would be benefited by the construction of a trolley or electric railroad or by the electrification of a steam railroad could vote a tax of five per cent per annum on the assessed valuation of the real property for the purpose of aiding in such construction or electrification.

7. Following the enactment of said Chapter and under the provisions thereof, there was submitted to the voters in a specified area in Floyd County, Iowa, on January 3d, 1914, the following proposal, to-wit: "Shall a tax of five per cent (5%) on the assessed value of the real property of that certain district definitely described in the petition referred to and set out in the notice of this special election, be levied to aid in the construction of the projected trolley or electric railroad projected by the Charles City Western Railway Company, a corporation organized under the laws of the State of Iowa, and to aid in the electrification of the portion of the line of steam railroad of said Charles City Western Railway Company, situated in said district, being the same projected trolley or electric railroad, and the same portion of the line of steam railroad of said Railway Company referred to and specified in said notice of election, said tax to be collected at the time or times therein specified, and to become due and payable to said Railway Company at the

time or times and upon the conditions as specified in said notice."

The conditions specified in the notice therein referred to were as follows: "Said portion of its present steam line of railroad is to be fully electrified and said proposed trolley or electric railroad fully completed northeasterly from Charles City to a point near the center of the north line of Section Thirty-two (32) Township Ninety-Six (96), Range Fifteen (15), West of the 5th P.M., in said county and within said district by the first day of July 1915, and when so fully completed one-half (½) of said tax shall become due and payable to said Railway Company or as soon thereafter as same may be legally collected; and said trolley or electric railroad shall be fully completed northerly and northeasterly from said north line of said Section Thirty-two (32) via Niles to and across the Little Cedar River to a point near the Northeast corner of Section Ten (10), Township Ninety-Six (96), Range Fifteen (15), West of the 5th P.M. in said County, and within said district, by November 1st, 1915, and when so fully completed the other half (½) of said tax shall become due and be payable to said Company, or as soon thereafter as same may be legally collected."

8. The said proposal was approved by the said voters. Pursuant thereto taxes in the amount of $126,107.75 were collected. The plaintiff performed the conditions on its part to be performed, and in 1915 and 1916 there was paid to it the said sum of $126,107.75.

9. At all times since the plaintiff has carried the sum of $126,107.75 in its records under an account entitled, "Grants In Aid Of Construction."

10. In making its Income and Excess Profits Tax Returns for its tax years of 1941 and 1944, the plaintiff included the aforesaid sum of $126,107.75 as Invested Capital under Section 718 of the Internal Revenue Code, 26 U.S.C.A. § 718, and the Commissioner of Internal Revenue on audit of said returns for said tax years, disallowed the said sum of $126,107.75 as Invested Capital under said Section 718 of the Internal Revenue Code and made an as-

sessment of additional excess profits taxes for the tax year of 1941 in the sum of $7,-900.80 together with interest as provided by law, and of additional excess profits taxes for the tax year of 1944 in the sum of $19,-818.75 together with interest as provided by law and allowed overassessments of income taxes resulting therefrom in the sum of $2,507.47 for the year of 1941 and of $9,-821.41 for the year of 1944.

11. Under protest and to avoid imposition of penalties and interest which would otherwise accrue, the plaintiff executed Treasury Department Form 874 for each of the tax years of 1941 and 1944 covering the aforesaid additional excess profits taxes for said years and allowing the aforesaid overassessments of income taxes for the years 1941, 1943 and 1944, and there was incorporated in said Forms 874 the following special provision typed on the back thereof:

"This Offer of Waiver of Restrictions is subject to acceptance by or on behalf of the Commissioner of Internal Revenue on the basis of the adjusted liability as hereinabove proposed and is to take effect as a Waiver of Restrictions when filed with the Commissioner from the date said adjusted liability is accepted by or on behalf of the Commissioner as a basis for the closing of the case and if not thus accepted will have no force or effect.

"This Waiver is executed with the specific understanding that it will in no manner prejudice the taxpayer's right in respect to filing timely refund claim, or claims, and thereafter suing for recovery.

"This Waiver of Restrictions including the reservation of the right to file or prosecute a claim is not to be considered as a claim for refund, formal or informal."

12. After receipt of Notices of Assessment of the additional Excess Profits Taxes for the year 1941 under said Form 874, the plaintiff on December 18th, 1947, paid to the late E. H. Birmingham as Collector of Internal Revenue of Iowa in order to avoid the imposition of penalties and interest the sum of $7,318.91 being the amount of additional excess profits taxes claimed by the

United States of America for the taxable year ended December 31st, 1941,

| | | |
|---|---|---|
| in the sum of | $ 7,900.80 | |
| plus legal interest thereon of | 2,641.02 | |
| or the total sum of | 10,541.82 | |

which was satisfied as follows:

| | | |
|---|---|---|
| Over-assessment of income taxes for the year ended December 31st, 1941, of | $2,507.47 | |
| Over-assessment of income taxes for the year ended December 31st, 1943, of | 715.44 | 3,222.91 |

payment of ................... $ 7,318.91 and on February 2d, 1948, the plaintiff filed with the Collector of Internal Revenue for Iowa a claim for the refund of the aforesaid additional Excess Profits Taxes for 1941. which claim set out that the said deficiency excess profits taxes and the interest thereon was illegally assessed, levied and collected by the Collector of Internal Revenue for Iowa as a result of the improper and illegal disallowance as Invested Capital for said tax year of the "Tax Grant" of $126,107.75 raised in 1915 by Floyd County, Iowa, by a special tax on benefited property and paid over to the plaintiff to aid in construction and electrification of its railroad pursuant to Chapter 5 of Title X of the 1897 Code of Iowa as amended by Chapter 169 of the 35th General Assembly of Iowa. Under date of June 30th, 1949, the Commissioner of Internal Revenue notified plaintiff by registered mail in accordance with Section 3772(a)(2) of the Internal Revenue Code, 26 U.S.C.A. § 3772(a)(2), that said refund claim was disallowed and denied in full. The amount of the plaintiff's claim for refund for the year of 1941 was subsequently reduced to the sum of $7,-245.88, which is the amount now claimed by it for that year.

13. After receipt of Notices of Assessment of the additional Excess Profits Taxes for the year 1944 under said Form 874, the plaintiff on August 23d, 1948, paid to the late E. H. Birmingham as Collector of Internal Revenue for Iowa in order to avoid

the imposition of penalties and interest the sum of $13,662.45, being the amount of additional excess profits taxes claimed by the United States of America for the taxable year ended December 31st, 1944, in the sum of .................... $19,818.75 plus legal interest thereon of...   3,665.11
_____
or the total sum of ...........   23,483.86 which was satisfied as follows:

Over-assessment of income taxes for the year ended December 31st, 1944, of...........   9,821.41
_____
payment of .................. $13,662.45 and on September 9th, 1948, the plaintiff filed with the Collector of Internal Revenue for Iowa a claim for the refund of the aforesaid additional Excess Profits taxes for 1944 which claim set out that the said deficiency excess profits taxes and the interest thereon was illegally assessed, levied and collected by the Collector of Internal Revenue for Iowa as a result of the improper and illegal disallowance as Invested Capital for said tax year of the "Tax Grant" of $126,107.75 raised in 1915 by Floyd County, Iowa, by a special tax on benefited property and paid over to the plaintiff to aid in construction and electrification of its railroad pursuant to Chapter 5 of Title X of the 1897 Code of Iowa as amended by Chapter 169 of the 35th General Assembly of Iowa. Under date of August 3d, 1949, the Commissioner of Internal Revenue notified plaintiff by registered mail in accordance with Section 3772 (a)(2) of the Internal Revenue Code that said refund claim was disallowed and denied in full. The amount of the plaintiff's claim for refund for the year of 1944 was subsequently reduced to the sum of $12,-246.28, which is the amount now claimed by it for that year.

14. The said sum of $126,107.75 was, and is, properly includable as a part of plaintiff's Invested Capital under Section 718 of the Internal Revenue Code for the tax years of 1941 and 1944.

### Conclusions of Law

1. That this Court has jurisdiction of the subject matter of this action and the parties thereto under the provisions of Section 1340 of the Revised Judicial Code, 28 U.S.C.A. § 1340.

2. That E. H. Birmingham in collecting from the plaintiff additional taxes and interest thereon in the sum of $7,245.88 for the year of 1941 and in the sum of $12,246.-28 for the year of 1944 acted erroneously and illegally.